THOMAS BRADY

V.

KATE CONVERSE.

*Preponderance of Evidence—Instruction to Jury as to Determining.*

While it is not strictly accurate for the court to tell the jury that they are " not to determine the preponderance of evidence from the number of witnesses," instead of telling them that they were not bound to so determine the preponderance, yet, under the circumstances of the case at bar, this court holds that such instruction did not constitute reversible error.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. FORREST F. COOKE, for appellant.

Mr. M. J. DOUGHERTY, for appellee.

MR. JUSTICE LACEY. The appellee was a boarding house keeper in the city of Galesburg and boarded the son of appellant, John Brady, at a stipulated rate per week till the bill ran up to a considerable amount, which was reduced by payments by John to the sum of the recovery, $54. There is no dispute about the furnishing the board by appellee or the amount of the bill and recovery. The contention on the part of appellee, the plaintiff below, was that the appellant, Thomas Brady, came to her place of business and took dinner and engaged board for his son, John, and agreed to stand good for it; and that she gave the credit to him and furnished the board in consideration of the promise. The claim of appellee was fairly sustained by her own testimony and that in corroboration, of her servant, Mrs. Lizzie Van, both of whom testify clearly that appellant

engaged the board for his son before the latter commenced boarding at appellee's house. The appellant, however, testified that he was at dinner but did not make the contract as claimed and did not see appellee at the time, and that John was already boarding with appellee. Appellant was corroborated by the testimony of Morley, who, at the time, was in partnership with appellant in Galesburg in the beer business, and they had John employed at $50 per month, and that he did not hear the conversation testified to by appellee and Mrs. Van. John Brady testified he contracted for the board himself and had been boarding at appellant's before his father was there at dinner; was not in the house at the alleged conversation. Appellee denied making a contract with John for the board. Westphal testified that John went to board with appellee at the time appellant and Morley went into business. Appellee also testified that Morley got up and went out of the room when she had her talk with appellant. This was the substance of all the evidence and is clearly enough to support the verdict. The appellant complains, however, of the first instruction given by the court for appellee, viz.:

" The jury are instructed that as to the contract, you are instructed that although you are not to find for the plaintiff unless she makes out her contract with Thomas Brady by a preponderance of evidence, still you are not to determine the preponderance of evidence from the number of witnesses, but from the kind and quality of the evidence produced, and you are to weigh the evidence in the light of all your common sense and every-day experience. "

The instruction appears to be a little inaccurate in telling the jury it was "not to determine the preponderance of the evidence from the number of witnesses. " The court should have told the jury that it was not bound to so determine the preponderance, instead of saying it should not. But the balance of the instruction was good law and gave the jury a sure guide as to the proper rule without regard to the number of the witnesses, and we think removed any danger of the jury being misled by the inaccurate portion of the

instructions. Besides, there were more witnesses in appellee's favor as to the making of the contract with appellant at the dinner table, than in the latter's favor, unless Morley can be considered, and then the number would be equal, so no harm could be done by such an error.

As to John and Westphal, they were witnesses only to other circumstances, and could only be classed as corroborating, and could not be regarded in the same light as those present. These only testified to circumstances, and the last clause of the instruction tells the jury to give full weight to the kind and quality of the evidence, which cover all circumstances. In view of the condition of the evidence and taking the instruction as a whole, we do not see how it was possible that the jury could have been misled by it.

Seeing no reversible error in the record, the judgment is affirmed.

*Judgment affirmed.*